# EXHIBIT C

Exhibit C

8/7/2019 2:18:39 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 35771886
By: KEYS, CHARLIE
Filed: 8/7/2019 2:18:39 PM

CAUSE NO. _____

| | | |
|---|---|---|
| ALICE J. MONGE AND<br>CARMELO MONGE | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

Plaintiffs, Alice J. Monge and Carmelo Monge, request the Defendant: (1) answer the attached Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the attached Requests for Production separately and fully in writing within 50 days of service; (3) answer the attached Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Requests for Production, Interrogatories, and Requests for Admissions on Plaintiff by and through their attorney of record:

Andrew C. Cook
The Cook Law Firm PLLC
7324 Southwest Freeway, Suite 585
Houston, Texas 77074

and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at The Cook Law Firm PLLC.

You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

a.        You know the response made was incorrect or incomplete when made; or

# EXHIBIT "A"

b.  You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,

**THE COOK LAW FIRM, PLLC**

By: /s/ Andrew C. Cook
    Andrew C. Cook
    State Bar No. 24057481
    7324 Southwest Freeway, Suite 585
    Houston, Texas  77074
    Tel. (713) 401-2890
    Facsimile: (713) 643-6226
    Email: acc@texinsurancelaw.com

**AND**

**WILLIAMS HART BOUNDAS EASTERBY LLP**
    Sean H. McCarthy
    State Bar No. 24065706
    P. Griffin Bunnell
    State Bar No. 24080815
    8441 Gulf Freeway, Ste 600
    Houston, TX 77017
    Telephone: 713-230-2200
    Fax: 713-643-6226
    Email: smccarthy@whlaw.com
    Email: gbunnell@whlaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant(s) would have received it when it was served with the citation.

/s/ Andrew C. Cook
Andrew C. Cook

**PLAINTIFFS' FIRST SET OF INTERROGATORIES,
REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS**

**DEFINITIONS AND INSTRUCTIONS**

A.   These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.   If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.   The term "document" shall have the broadest meaning possible under the applicable Rules of Civil Procedure governing this litigation (whether Texas or Federal) and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person). The term "document" also includes all electronically stored information ("ESI"), and each specific request for documents shall be deemed to specifically request electronic documents and records.

D.   The terms "relate(s) to," "relating to," or "regarding" shall have a meaning consistent with their usage in the English language in the broadest sense possible; i.e. having any logical or factual connection whatsoever with the subject matter in question.

E.   "Communication" means, without limitation of its generality, statements, discussions, conversations, correspondence, e-mails, texts, instant messages, intranet communications, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes, without limitation of its generality, communications and statements that are face to face and those that are transmitted by any other method, including, but not limited to, the Internet, e-mail servers (whether internal or external), telephone, networked computers, external storage devices, cloud-based sharing technologies (such as DropBox), or any other method that effectuates a Communication.

F.   If you claim that any document which is required to be identified or produced by you in any response is privileged:

   1.   Identify the document's title and general subject matter;
   2.   State its date;
   3.   Identify all persons who participated in its preparation;
   4.   Identify the persons for whom it was prepared or to whom it was sent;
   5.   State the nature of the privilege claimed; and
   6.   State in detail each and every fact upon which you base your claim for privilege.

G.   "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

H.   "Property" means the property defined in the Petition.

I.       "Policy" means the insurance policy identified in the Petition.

J.       The word "storm" shall refer to the storm described in the Petition that resulted in the claim.

K.      In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:

1. His or her name;
2. His or her last known business and residence address and telephone number; and
3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

L.      In each instance where you are asked to identify a document, state with respect to each document:

1. The type of document;
2. The general subject matter of the document;
3. The date of the document;
4. The names and addresses of the authors and recipients of the document;
5. The location of the document;
6. The identity of the person who has possession or control of the document;
7. Whether the document has been destroyed, and if so, (a) the date of its destruction, (b) the reason for its destruction, (c) the identity of the persons who destroyed it, and (d) any retention policy directing its destruction.

M.     If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

N.      "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

## INTERROGATORIES TO DEFENDANT

1.  Identify all persons and/or entities who had any part and/or involvement in any way on behalf of Defendant with the insurance claim described in the Petition and describe the involvement each person had (i.e., field adjuster, desk adjuster, claims analyst, etc.).

**ANSWER:**



## REQUESTS FOR PRODUCTION TO DEFENDANT

1.      The following insurance documents issued for the Property as identified in the Petition:

    a.   the Policy at issue for the date of loss as identified in the Petition; and
    b.   the Policy declarations page for the 3 years preceding the storm.

**RESPONSE:**

2.      The entire, unaltered, un-redacted, original and complete claims file relating the Plaintiffs' claim that made the basis of the lawsuit. Please produce ESI in the same format in which it was maintained in the ordinary course of business. This request encompasses all documents and ESI comprising the entire claim file that is in Defendants' possession, custody, and/or control. **Please note this request seeks production of the original claim file.**

**RESPONSE:**

3.      Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that any damage is older than 5 years, produce that underwriting file or document Defendant generated prior to the origination of the damage.

**RESPONSE:**

4.      All documents relating to the condition of the Property or damages of the Property.

**RESPONSE:**

5.      All documents relating to the condition of the Property prior to the August 27, 2017 date of loss, including but not limited to any prior underwriting or renewal inspections.

**RESPONSE:**

6.      All documents evidencing the policies, procedures, guidelines, or best practices that defendant requires its employees, agents, or contractors to follow when adjusting the type of claim here, i.e., wind and hail property damage.

**RESPONSE:**

7.      For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, review by, or prepared for the testifying expert.

**RESPONSE:**

8. Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

**RESPONSE:**

9. To the extent Defendant answers to the Plaintiffs' First Interrogatories implicate Tex. R. Civ. P. 197.2(c) (Option to Produce Business Records), please produce any and all documents referenced, specified, and/or identified in those interrogatory responses. Please produce ESI in the same format in which it was maintained in the ordinary course of business.

**RESPONSE:**

## FIRST SET OF REQUESTS FOR ADMISSIONS

1.      Admit Plaintiffs submitted the claim for storm damage identified in the Petition within the deadlines proscribed by the Policy.

**RESPONSE:**

2.      Admit Plaintiffs fully complied with all contractual obligations imposed by the Policy.

**RESPONSE:**

3.      Admit that Defendant should assist its policyholders with their insurance claims.

**RESPONSE:**

4.      Admit that Defendant must disclose to its insureds all benefits, coverages, and time limits that may apply to their claims.

**RESPONSE:**

5.      Admit that Defendant should treat its policyholders interests equal to their own.

**RESPONSE:**

6.      Admit that Defendant performed an inspection of the Property before issuing the Policy.

**RESPONSE:**

7.      Admit that Defendant performed an inspection of the Property within 60 days of issuing the Policy.

**RESPONSE:**

8.      Admit that Defendant did not inspect the Property prior to issuing the Policy.

**RESPONSE:**

9.      Admit that Defendant did not inspect the Property within 60 days of issuing the Policy.

**RESPONSE:**

10.   Admit that Defendant did not inspect the Property prior to renewing the Policy for policy period covering the March 24, 2017 claim.

**RESPONSE:**

11.   Admit that Defendant did not inspect the Property within 60 days of renewing the Policy for policy period covering the March 24, 2017 claim.

**RESPONSE:**

12.   Admit that Defendant did not inspect the Property within 60 days of renewing the Policy for policy period covering the March 24, 2017 claim.

**RESPONSE:**

13.   Admit that Defendant did inspect the Property prior to March 24, 2017.

**RESPONSE:**

14.   Admit that Defendant did not inspect the Property prior to March 24, 2017.

**RESPONSE:**

8/7/2019 2:18:39 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 35771886
By: KEYS, CHARLIE
Filed: 8/7/2019 2:18:39 PM

CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED ALICE J. MONGE and CARMELO MONGE v ALLSTATE TEXAS LLOYD'S

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:  ANDREW C. COOK | Email:  acc@texasinsurancelaw.com | Plaintiff(s)/Petitioner(s):  ALICE J. MONGE and  CARMELO MONGE | ☒Attorney for Plaintiff/Petitioner  ☐Pro Se Plaintiff/Petitioner  ☐Title IV-D Agency  ☐Other: |
| Address:  8441 Gulf Freeway 6th Floor | Telephone:  713-230-2366 | | Additional Parties in Child Support Case: |
| City/State/Zip:  Houston TX 77017 | Fax:  713-643-6226 | Defendant(s)/Respondent(s):  ALLSTATE TEXAS  LLOYD'S | Custodial Parent:   Non-Custodial Parent: |
| Signature:  /s/ Andrew C. Cook | State Bar No:  24057481 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | ☐Assault/Battery | ☐Eminent Domain/ | ☐Annulment | ☐Enforcement |
| ☐Consumer/DTPA | ☐Construction | Condemnation | ☐Declare Marriage Void | ☐Modification—Custody |
| ☐Debt/Contract | ☐Defamation | ☐Partition | *Divorce* | ☐Modification—Other |
| ☐Fraud/Misrepresentation | *Malpractice* | ☐Quiet Title | ☐With Children | |
| ☐Other Debt/Contract: | ☐Accounting | ☐Trespass to Try Title | ☐No Children | **Title IV-D** |
| | ☐Legal | ☐Other Property: | | ☐Enforcement/Modification |
| *Foreclosure* | ☐Medical | | | ☐Paternity |
| ☐Home Equity—Expedited | ☐Other Professional | | | ☐Reciprocals (UIFSA) |
| ☐Other Foreclosure | Liability: | **Related to Criminal** | | ☐Support Order |
| ☐Franchise | | **Matters** | **Other Family Law** | |
| ☒Insurance | ☐Motor Vehicle Accident | ☐Expunction | ☐Enforce Foreign | **Parent-Child Relationship** |
| ☐Landlord/Tenant | ☐Premises | ☐Judgment Nisi | Judgment | ☐Adoption/Adoption with |
| ☐Non-Competition | *Product Liability* | ☐Non-Disclosure | ☐Habeas Corpus | Termination |
| ☐Partnership | ☐Asbestos/Silica | ☐Seizure/Forfeiture | ☐Name Change | ☐Child Protection |
| ☐Other Contract: | ☐Other Product Liability | ☐Writ of Habeas Corpus— | ☐Protective Order | ☐Child Support |
| | List Product: | Pre-indictment | ☐Removal of Disabilities | ☐Custody or Visitation |
| | | ☐Other: | of Minority | ☐Gestational Parenting |
| | ☐Other Injury or Damage: | | ☐Other: | ☐Grandparent Access |
| | | | | ☐Parentage/Paternity |
| | | | | ☐Termination of Parental |
| **Employment** | **Other Civil** | | | Rights |
| ☐Discrimination | ☐Administrative Appeal | ☐Lawyer Discipline | | ☐Other Parent-Child: |
| ☐Retaliation | ☐Antitrust/Unfair | ☐Perpetuate Testimony | | |
| ☐Termination | Competition | ☐Securities/Stock | | |
| ☐Workers' Compensation | ☐Code Violations | ☐Tortious Interference | | |
| ☐Other Employment: | ☐Foreign Judgment | ☐Other: | | |
| | ☐Intellectual Property | | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐Guardianship—Adult |
| ☐Tax Delinquency | ☐Dependent Administration | ☐Guardianship—Minor |
| ☐Other Tax | ☐Independent Administration | ☐Mental Health |
| | ☐Other Estate Proceedings | ☐Other: |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court | ☐Declaratory Judgment | ☐Prejudgment Remedy |
| ☐Arbitration-related | ☐Garnishment | ☐Protective Order |
| ☐Attachment | ☐Interpleader | ☐Receiver |
| ☐Bill of Review | ☐License | ☐Sequestration |
| ☐Certiorari | ☐Mandamus | ☐Temporary Restraining Order/Injunction |
| ☐Class Action | ☐Post-judgment | ☐Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**

☒Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

Unofficial Copy Office of Marilyn Burgess District Clerk

8/7/2019 2:18:39 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 35771886
By: KEYS, CHARLIE
Filed: 8/7/2019 2:18:39 PM



# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

CASE NUMBER: _____  CURRENT COURT: _____

Name(s) of Documents to be served: __PLAINTIFFS' ORIGINAL PETITION WITH WRITTEN DISCOVERY__

FILE DATE: __08/07/2019_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

Issue Service to: __ALLSTATE TEXAS LLOYD'S_____

Address of Service: __1999 Bryan Street Suite 900_____

City, State & Zip: __Dallas Texas 75201_____

Agent (if applicable) __C.T. CORPORATION_____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

- [x] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication Newspaper _____
- [ ] Citations Rule 106 Service
- [ ] Citation Scire Facias
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Protective Order
- [ ] Secretary of State Citation ($12.00)
- [ ] Capias (not an E-Issuance)
- [ ] Attachment
- [ ] Certiorari
- [ ] Highway Commission ($12.00)
- [ ] Commissioner of Insurance ($12.00)
- [ ] Hague Convention ($16.00)
- [ ] Garnishment
- [ ] Habeas Corpus
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe) _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY (check one):**
- [ ] ATTORNEY PICK-UP (phone) _____
- [ ] MAIL to attorney at: _____
- [ ] CONSTABLE
- [ ] CERTIFIED MAIL by District Clerk
- [x] E-Issuance by District Clerk **(No Service Copy Fees Charged)**

*Note: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.*

- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____  Phone: _____

- [ ] **OTHER**, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: __Andrew C. Cook__  Bar # or ID __24057481__

Mailing Address: __7324 Southwest Frwy Ste 585 H/T 77074__

Phone Number: __713-401-2890__

8/21/2019 10:41 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36145411
By: Anais Aguirre
Filed: 8/21/2019 10:41 AM
Court Stamp

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | **District Court**<br>**334th Judicial District**<br>**of Harris County, Texas** | |
|---|---|---|
| Plaintiff | **ALICE J. MONGE AND CARMELO MONGE** | Cause #<br>**201954358** |
| Defendant(s) | **ALLSTATE TEXAS LLOYD'S** | Came to Hand Date/Time<br>**8/19/2019    10:59 AM** |
| Manner of Service | **Personal** | Service Date/Time<br>**8/20/2019    11:26 AM** |
| Documents | **CITATION; PLAINTIFFS' ORIGINAL PETITION AND DISCOVERY REQUESTS;**<br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION**<br>**AND REQUESTS FOR ADMISSIONS** | Service Fee:<br>**$77.50** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **8/20/2019** at **11:26 AM**: I served **CITATION, PLAINTIFFS' ORIGINAL PETITION AND DISCOVERY REQUESTS, PLAINTIFFS' FIRST SET OF INTERROGATORIES and REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS** upon **ALLSTATE TEXAS LLOYD'S c/o CT CORPORATION SYSTEM, REGISTERED AGENT** by delivering **1** true and correct copy(ies) thereof, with **ALLSTATE TEXAS LLOYD'S c/o CT CORPORATION SYSTEM, REGISTERED AGENT, Who accepted service, with identity confirmed by subject stating their name, MELISSA HIGHTOWER, a black-haired black female approx. 45-55 years of age, 5'8"-5'10" tall and weighing 140-160 lbs** at **1999 BRYAN ST STE 900, DALLAS, TX 75201**.

My name is: **John David Whitehead**. My date of birth is: **11/10/1966**

My address is: **2293 Hawes Ave #2177, Dallas, TX 75235**, USA.

My process server identification # is **PSC-12227**. My Certification expires: **8/31/2019**.

I declare under penalty of perjury that the foregoing, **RETURN OF SERVICE**, is true and correct.

Executed in ___DALLAS___ county, TX.

_____
John David Whitehead

_____08/20/2019_____
Date Executed

Ref  **243416 Monge**

**0041186836**

abclegal   The Cook Law Firm PLLC

Tracking # **0041507384**

9/6/2019 12:02 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36588412
By: Lisa Thomas
Filed: 9/6/2019 12:02 PM

CAUSE NO. 201954358

| | |
|---|---|
| ALICE J. MONGE AND CARMELO MONGE | IN THE DISTRICT COURT |
| Plaintiffs, | |
| v. | 334TH JUDICIAL DISTRICT |
| ALLSTATE TEXAS LLOYD'S | |
| Defendant. | HARRIS COUNTY, TEXAS |

**DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE TEXAS LLOYD'S, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

**I.**

**GENERAL DENIAL**

At this time, Defendant asserts a general denial to Plaintiffs' Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiffs to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

**II.**

**SPECIFIC DENIALS**

Plaintiffs' claims are barred or limited, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

Plaintiffs failed to comply with certain conditions precedent to the policy prior to filing

Monge, et al. vs. Allstate
Defendant's Original Answer and Request for Disclosure
0460529480.1

Page **1** of **4**

this lawsuit.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve the right to amend this answer.

**III.**

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiffs disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l).

If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

**IV.**

Defendant, formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

**V.**

**DESIGNATED E-SERVICE EMAIL ADDRESS**

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

WHEREFORE, PREMISES CONSIDERED,  Defendant prays that the Plaintiffs recover nothing

Monge, et al. vs. Allstate
Defendant's Original Answer and Request for Disclosure
0460529480.1

Page **2** of **4**

of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**KIMBERLY BLUM**
TBN:  24092148

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE TEXAS LLOYD'S

Monge, et al. vs. Allstate
Defendant's Original Answer and Request for Disclosure
0460529480.1

Page **3** of **4**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer has been delivered to all interested parties on the 6th day of September, 2019, to:

THE COOK LAW FIRM, PLLC
Andrew C. Cook
State Bar No. 24057481
7324 Southwest Freeway, Suite 585
Houston, Texas 77074
Tel. (713) 401-2890
Facsimile: (713) 643-6226
Email: acc@texinsurancelaw.com

AND

WILLIAMS HART BOUNDAS EASTERBY LLP
Sean H. McCarthy
State Bar No. 24065706
P. Griffin Bunnell
State Bar No. 24080815
8441 Gulf Freeway, Ste 600
Houston, TX 77017
Telephone: 713-230-2200
Fax: 713-643-6226
Email: smccarthy@whlaw.com
Email: gbunnell@whlaw.com

ATTORNEYS FOR PLAINTIFF                    *VIA E-SERVE*

**KIMBERLY BLUM**

Monge, et al. vs. Allstate                                                           Page **4** of **4**
Defendant's Original Answer and Request for Disclosure
0460529480.1

9/6/2019 3:42 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36602985
By: DANIELLE JIMENEZ
Filed: 9/6/2019 3:42 PM

## CAUSE NO. 2019-54358

| | | |
|---|---|---|
| ALICE J. MONGE AND | § | IN THE DISTRICT COURT OF |
| CARMELO MONGE | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S | § | |
| | § | |
| | § | |
| *Defendant.* | § | 334th JUDICIAL DISTRICT |

### NOTICE OF CHANGE OF ADDRESS

THE COOK LAW FIRM, PLLC hereby provides notice of its change of address and phone number. the firm's current address is:

**THE COOK LAW FIRM, PLLC**
**7324 SOUTHWEST FWY., STE 585**
**HOUSTON, TEXAS 77074**

The current phone number is **(713) 401-2890**. All other contact information remains the same.

**RESPECTFULLY SUBMITTED** this 6th day of September, 2019

THE COOK LAW FIRM, PLLC
By: */s/ Andrew C. Cook*
    Andrew C. Cook
    State Bar No. 24057481
    Southern Dist. No. 976434
    7324 Southwest Freeway, Suite 585
    Houston, Texas 77074
    Tel. (713) 401-2890
    Facsimile: (713) 643-6226
    Email: acc@texinsurancelaw.com

**AND:**

WILLIAMS HART BOUNDAS EASTERBY LLP
    Sean H. McCarthy
    State Bar No. 24065706
    Southern Dist. No. 987779
    P. Griffin Bunnell

Unofficial Copy Office of Marilyn Burgess District Clerk

State Bar No. 24080815
Southern Dist. No. 3174144
8441 Gulf Freeway, Ste 600
Houston, TX 77017
Telephone: 713-230-2200
Fax: 713-643-6226
Email: smccarthy@whlaw.com
Email: gbunnell@whlaw.com

**ATTORNEYS FOR PLAINTIFF**

8/7/2019 2:18 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35771886
By: Charlie Tezeno
Filed: 8/7/2019 2:18 PM

**CAUSE NO. _____**

| | | |
|---|---|---|
| **ALICE J. MONGE AND** | § | **IN THE DISTRICT COURT OF** |
| **CARMELO MONGE** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE TEXAS LLOYD'S** | § | |
| | § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFFS' ORIGINAL PETITION AND DISCOVERY REQUESTS**

COME NOW Plaintiffs, Alice and Carmelo Monge, and file Plaintiffs' Original Petition and Discovery Requests complaining of Defendant Allstate Texas Lloyd's (hereinafter, "Allstate"), and in support thereof, would respectfully show:

**I.       THE PARTIES**

1.       Alice and Carmelo Monge reside in Harris County, Texas.

2.       Allstate is an insurance company engaged in the business of selling insurance in the State of Texas.  This defendant may be served with process by serving its registered agent for service of process:  **CT Corporation, 1999 Bryan St. Ste. 900, Dallas, TX 75201-3136.**

**II.       DISCOVERY**

3.       Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure and will request this Court enter a scheduling order upon appearance of all parties.

**III.       JURISDICTION AND VENUE**

4.       The amount in controversy is within this Court's jurisdictional limit.

5.      This Court has personal jurisdiction over Allstate because Allstate is licensed to do business in Texas, and Plaintiffs' causes of action arise out of Allstate's wrongful business activities within Harris County, Texas.

6.      The insured property is located in Harris County, and all or a substantial part of the events giving rise to this lawsuit occurred in this County. TEX. CIV. PRAC. & REM. CODE § 15.032.

## IV.   FACTS

7.      Alice and Carmelo Monge own their own home, which is located at 3306 Lost Maple Forest Ct., Kingwood, TX 77345 (the "Property").

8.      To protect their home, a significant investment for them, Mr. and Mrs. Monge purchased homeowners' insurance from Allstate (Policy No. 938 072 579, hereinafter, "the Policy").

9.      They are the named insureds under the Policy, and as consideration for same, Alice and Carmelo have paid Allstate good and valuable premium amounts.

10.     The Allstate Policy expressly covers loss or damage to the Property caused by wind or hail.

11.     On or about March 24, 2017, the Property was damaged by a wind and hail storm. The Property's roof and exterior sustained damage during the storm event, and this damage allowed water to penetrate the home's interior.  In fact, the roof was damaged so extensively and severely by the covered storm event that it— as the result of the covered loss—requires full removal and replacement in order to return the Property to its pre-loss condition.  Under the Policy, which provides full

Replacement Cost Value ("RCV") coverage, Alice and Carmelo are entitled to no less.

12.      Unfortunately for the Alice and Carmelo, from the time they first made timely report of their claim (Claim No. 460529480), Allstate steadfastly has refused to pay what it owes under the terms of the Policy that it wrote and sold to them.

13.      Initially, Allstate assigned Brent Ledet to inspect the Property and adjust the claim.  His July 5, 2017 inspection revealed covered damage to the roof and interior water damage to dining room ceiling.  Despite the facts that a.) the ceiling water damage only appeared after the date of the covered loss (3/24/2017) and b.) even Ledet himself admits that the roof was damaged by—and required repair as the result of—the 3/24/2017 wind/hail storm, Ledet refused to include the interior water damage in his scope of repair or repair cost estimate and instead— without any basis upon which a reasonable adjuster would rely—dismissed those damages out-of-hand and without explanation.   Ledet's estimate, which he submitted to Allstate and Allstate, in turn, accepted and adopted as its own, provides only for *de minimis* repair to the Property in quantities that are not commercially available and at prices that are facially absurd and unreasonable.  On information and belief, Plaintiffs would show that with respect to at least one of the prices included in his Xactimate repair cost estimate, Ledet manually manipulated the unit pricing to reflect an artificially low—and wholly made-up—unit price.

14.      Even more significantly, despite allowing only for minor repairs to the roof in his estimate, Ledet did not bother—or perhaps did not know (or was instructed not)—to first determine *whether the roof was even repairable*. Asphalt

shingles such as those on the Monge's roof dry out and become brittle as they age and are exposed to extreme climactic conditions such as those we experience here in Harris County.

15.    As they age, asphalt shingles become less and less receptive to partial—i.e., "spot" repairs or patching.  This is due to the simple fact that, as the shingles age and grow ever more brittle, it becomes more and more difficult to remove specific damaged shingles and replace them with new shingles (which must then be "tied in" to the brittle, surrounding shingles) without damaging the surrounding shingles to the point where those shingles must also be replaced.  On an asphalt shingle roof in Harris County, Texas, an attempt to spot repair brittle shingles becomes economically inefficient to the point of infeasibility very quickly.

16.    Commercial roofing companies and legitimate contractors know better than to attempt such folly.  Instead, they perform what is known as a "brittle test," whereby they can gauge shingles' respective receptiveness to spot repair.  Despite the fact that the brittle test is simple to perform, easy to document, and is widely known both in the practical world of the building trades as well as the more subjective and speculative world of insurance adjusting, neither Ledet nor anyone else assigned by Allstate to adjust the Monges' claim ever bothered (or knew) to conduct a brittle test to determine whether the repairs they recommended and authorized were either sufficient or even possible.

17.    Instead, Allstate and its adjusters provided the Monges with the same estimate twice that, twice, purported to allow for the replacement of fifteen (15) individual shingles scattered over the entirety of the roof *despite the fact that*

*shingles are not commercially available for purchase individually, nor in packs of 3 or 5, much less the handy 15-packs Allstate recommends.*

18.     Allstate and the adjusters it hired or otherwise assigned to adjust Plaintiffs' claim failed to perform a reasonable investigation of the claim or adjustment of the loss.  During the course of Allstate's adjustment of the claim, its adjusters severely under-scoped the extent of the covered damage to the Property and, then on that small portion of the property damage Allstate and its adjusters *did* include in their adjustment of Plaintiffs' claim, they drastically undervalued the cost of covered repairs.

19.     To date, Allstate continues to refuse to pay anything on the claim, much less the full amount owed under the Policy.   Plaintiffs' claim was unreasonably adjusted, wrongfully under-scoped and underpaid and, eventually, improperly closed.  The mishandling of Plaintiffs' claim caused delays (continuing to this day) in the Monges' ability to make necessary repairs to the Property, and— upon information and belief—the Property has suffered additional and consequential damages as the result.  To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

20.     Allstate has failed to perform its statutory, common law, or contractual duties to reasonably investigate and adequately compensate Plaintiffs under the Policy.  Specifically, Allstate refused to pay the full proceeds owed, per the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the

Policy had been carried out and accomplished by Plaintiffs. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiffs.

21.     Allstate misrepresented to Plaintiffs that some of the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. This conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

22.     Allstate failed to attempt in good faith to effect a prompt, fair, and equitable settlement of Plaintiffs' claim, although its liability to Plaintiffs under the Policy was reasonably clear. This conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

23.     Allstate failed to explain to Plaintiffs its basis (if any) for failing to include all covered damages in its evaluation of the claim. Furthermore, Allstate did not communicate that future settlements or payments would be forthcoming to pay for the losses covered under the Policy, nor did it provide any explanation for its failure to settle Plaintiffs' claim adequately or fairly. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

24.     As set forth above and herein, Allstate has continually refused to compensate Plaintiffs as required under the terms of the Allstate Policy, despite the fact that Allstate failed and refused to conduct a reasonable investigation. Allstate has, at every turn, performed an outcome-oriented "investigation" of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs'

losses on the Property.  This conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

25.     Allstate failed to accept or deny Plaintiffs' full and entire claim within the statutorily-mandated time of receiving all necessary information.  This conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

26.     Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed payment of the Policy Benefits owed on Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not received full payment for their claim.  Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

27.     From and after the time Plaintiffs' claim was presented to Allstate, Allstate's liability to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Allstate refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurer would have relied to deny or refuse full payment.  Allstate's conduct constitutes a breach of its common law duty of good faith and fair dealing to its insureds.

28.     Allstate knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiffs.

29.     As the result of Allstate's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorneys and law firms who are representing them with respect to these causes of action.

## V.     CAUSES OF ACTION AGAINST ALLSTATE

### BREACH OF CONTRACT

30.     Allstate's conduct in the adjustment of Plaintiffs' claim constitutes a breach of the insurance contract made between Allstate and Plaintiffs.

31.     Allstate's refusal, as described above, to pay full and fair compensation as it is obligated to do, both under the terms of the Policy and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

33.     Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(1).

34.     Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(2)(A).

35.     Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(3).

36.     Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

37.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

38.     Defendant Allstate's failure to notify Plaintiffs in writing of the acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

39.     Defendant Allstate's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

40.     Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

41.     Allstate's failure, as described above, to adequately and reasonably investigate, evaluate, and pay Plaintiffs' claim—although at that time it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear—constitutes a breach of its non-delegable duty of good faith and fair dealing.

## VI.    KNOWLEDGE

42.     Upon information and belief, each of the acts and omissions outlined above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## VII.    DAMAGES

43.     Plaintiffs would show that all the aforementioned acts, taken together or singularly, constitute the producing causes of their damages.

44.     As previously mentioned, due to Defendants' wrongful conduct and improper and unjustified underpayment of Plaintiffs' covered losses, the damages caused by the wind and hail storm have, in large part, not been addressed or repaired by Plaintiffs in the time since the event as Allstate has refused to pay Plaintiffs' claim, despite the fact that all such repairs were covered under the Policy. Allstate's improper and unjustifiable refusal to pay the full amount owed on Plaintiffs' claim has thus caused additional and undue hardship and burden to

Plaintiffs, in addition to consequential damage to the Property. All of these damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

45.   For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorneys' fees. TEX. CIV. PRAC. & REM. CODE §38.001, *et seq.*

46.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to recover for their actual damages, which include the Policy Benefits to which Plaintiffs were and are entitled and which should have been paid on the claim, consequential damages suffered as a result of Defendants' malfeasance but which are not contemplated under the Policy, mental anguish, costs of court, and attorneys' fees. For knowing conduct of the acts described above, Plaintiffs are entitled to recover, and do affirmatively seek, treble damages. TEX. INS. CODE §541.152.

47.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims—a strict liability statute—Plaintiffs are entitled to the amount of the claim—i.e., the Policy Benefits owed—as well as statutory penalty interest on the unpaid amount of such claim as damages, together with their attorneys' fees taxed as costs. TEX. INS. CODE §542.060.

48.   For Allstate's breach of its common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Allstate's breach of that duty, such as additional costs, economic

hardship, losses due to nonpayment of the amount the insurer owed, and damages for emotional distress, as well as exemplary damages.

49.    For the prosecution and collection of their claim, Plaintiffs have been compelled to engage the services of the attorneys and law firms whose names are subscribed to this pleading.  Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII.  REQUEST FOR DISCLOSURE

50.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant Allstate is required to disclose, within 50 days of service of this request, the information or material described in the Texas Rule of Civil Procedure 194.2.

## IX. REQUEST FOR PRODUCTION

51.    Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Defendant Allstate is required to provide documents and information responsive to *Plaintiffs' First Request for Production to Allstate* (attached as Exhibit A hereto), within 50 days of service of same.

## X. REQUEST FOR ADMISSION

52.    Pursuant to Rule 198 of the Texas Rules of Civil Procedure, Defendant Allstate is required to provide its responses to *Plaintiffs' First Request for Admission to Allstate* (attached as Exhibit A hereto), within 50 days of service of same.

## XI. INTERROGATORIES

53.     Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Defendant Allstate is required to provide its verified responses to *Plaintiffs' First Set of Interrogatories to Allstate* (attached as Exhibit A hereto), within 50 days of service of same.

## XII.    JURY DEMAND

54.     Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas.

## XIII.  RULE 47 STATEMENT

55.     As a general matter, Plaintiffs believe that the amount of damages to be awarded to a claimant is strictly within the province of the jury.  Indeed, the jury will be reminded that it is solely up to them to award intangible damages for all applicable non-economic damages.

56.     Despite the foregoing, a plaintiff is legally required in Texas to state the amount of money she is seeking in a given suit.  Therefore, and pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs, through counsel, hereby state that at this time that they are seeking monetary relief in an amount not greater than $100,000.00, in an amount to be determined by the jury.

## XIV.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, that they may have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and

exemplary damages as may be found.  In addition, Plaintiffs request the award of attorneys' fees for the trial and any appeal of this cause, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for all such other and further relief, whether by law or at equity, to which they may show themselves justly entitled.

Respectfully submitted,

**THE COOK LAW FIRM, PLLC**

By: */s/ Andrew C. Cook*
    Andrew C. Cook
    State Bar No. 24057481
    7324 Southwest Freeway, Suite 585
    Houston, Texas  77074
    Tel. (713) 401-2890
    Facsimile: (713) 643-6226
    Email: acc@texinsurancelaw.com

**AND**

**WILLIAMS HART BOUNDAS EASTERBY LLP**
    Sean H. McCarthy
    State Bar No. 24065706
    P. Griffin Bunnell
    State Bar No. 24080815
    8441 Gulf Freeway, Ste 600
    Houston, TX 77017
    Telephone: 713-230-2200
    Fax: 713-643-6226
    Email: smccarthy@whlaw.com
    Email: gbunnell@whlaw.com

**ATTORNEYS FOR PLAINTIFF**

Unofficial Copy Office of Marilyn Burgess District Clerk